**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| v. § | **CRIMINAL NO. 6:14-CR-130-ADA** |
| § | |
| **DANIEL LOPEZ** § | |
| § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the Defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I. PROCEDURAL BACKGROUND**

The Defendant was convicted Possession of Visual Depictions of Sexual Activities by Minors, in violation of Title 18 U.S.C. §§§ 2252A(a)(5)(B), 2252A(b)(2), & 2256(8)(A). The Defendant was sentenced to seventy-eight (78) months imprisonment, followed by five (5) years of supervised release; all special sex offender conditions ordered; $100.00 special assessment; and a $500.00 fine. Defendant was released to supervision on May 15, 2020.

On December 23, 2024, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision, alleging the Defendant violated the terms of his

supervision and seeking a show-cause hearing as to why the Defendant's supervision should not be revoked. The petition alleges the Defendant violated the terms of his supervision in the following instance:

> **Violation Number 1:** The defendant violated his special condition, in that on or about November 17, 2024, he failed to follow lifestyle restrictions as imposed by the sex offender treatment therapist
>
> **Violation Number 2:** The defendant violated his special condition, in that on or about November 17, 2024, he associated with a child or children without under the age of 18 without being in the presence and supervision of an adult specifically designed in writing by the probation officer.
>
> **Violation Number 3: T**he defendant violated standard condition number 3, in that on or about September 16 and D 18, 2024, he failed to answer truthfully all inquiries by the probation officer.
>
> **Violation Number 4:** The defendant violated standard condition number 5, in that on or about December 23, 2024, he failed to work regularly at a lawful occupation.

On March 18, 2025, the Court held a hearing on the petition. At that hearing, Defendant plead TRUE as to violation numbers 1, 2, 3, and 4. The petition contained a sufficient factual basis to support a plea of TRUE as to all violations.

## II.  FINDINGS OF THE COURT

Based on the sworn statements of Defendant and other testimony at the hearing, the undersigned finds as follows:

1. The Defendant violated the conditions of his supervision as alleged in the petition.

2. The Defendant was competent to make the decision to enter a plea of TRUE to the allegations underlying violations 1 through 4.

3. The Defendant had both a factual and rational understanding of the proceedings against him.

4. The Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

5. The Defendant was not under the influence of any drugs, alcohol, or medication that would affect his judgment in entering a plea or that would affect his understanding of the basis, consequences, or effect of his plea.

6. The Defendant was sane and mentally competent to stand trial for these proceedings.

7. The Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. The Defendant received a copy of the petition naming him, and he either read it or had it read to him.

9. The Defendant understood the petition and the charges alleged against him.

10. The Defendant had a sufficient opportunity to discuss the petition and charges with his attorney.

11. The Defendant was satisfied with the job his attorney has done and had no complaints about his attorney.

12. The Defendant understood that he had the right to plead NOT TRUE and proceed with a hearing at which he could present evidence and cross-examine witnesses.

13. The Defendant freely, intelligently, and voluntarily entered his plea of TRUE to the allegations in violations 1 through 4.

14. The Defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the Defendant's pleas of TRUE to violation numbers 1 through 4.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the Defendant's term of supervised release be revoked and that he be sentenced to three (3) months imprisonment with credit for time served. The Court further **RECOMMENDS** that upon Defendant's release from custody, he be placed on a new term of supervised release, until May 15, 2025. It is **RECOMMENED** that this term of supervised release contain all of the conditions as imposed in Defendant's original term of supervised release, as well as the following requirement:

> The defendant shall participate in the Location Monitoring Program for the term of supervised release, which will include remote location monitoring using Active Global Positioning Satellite (GPS) tracking. The defendant shall abide by the rules and regulations of the Participant Agreement Form. During this time, the defendant shall remain at the place of residence except for employment and other activities approved in advance by your probation officer. At the instruction of the probation officer, the defendant shall wear a transmitter and be required to carry a tracking device. The defendant shall pay for the costs of the program if financially able.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by

the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of March, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE